1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                              **DISTRICT OF NEVADA**

6

7      JOHN OLIVER SNOW,                    )
                                            )
8                      Plaintiff,           )
                                            )              3:08-cv-00046-RCJ-VPC
                       vs.                  )
9                                           )
       E.K. MCDANIEL et al.,                )              **ORDER**
10                                          )
                       Defendants.          )
11                                          )

12         This is a prisoner civil rights action arising out of alleged deficient medical treatment.

13    Plaintiff is incarcerated on death row with the Nevada Department of Corrections ("NDOC")

14    pursuant to his conviction for murder for hire.  He sued Defendants, alleging that their failure to

15    approve and provide hip replacement surgery constituted cruel and unusual punishment.  The

16    Court granted summary judgment to Defendants.  The Court of Appeals reversed as to injunctive

17    relief against Defendants in their official capacities and as to damages against Defendants in their

18    individual capacities (except for one Defendant) and remanded for trial but otherwise affirmed.

19    A jury returned a verdict for Defendants.  Plaintiff has now moved under 42 U.S.C. § 1988(b) for

20    attorney's fees of $190,312.50 and costs of $8603.64.

21         Plaintiff won no verdict or settlement.  Plaintiff argues, however, that because NDOC

22    offered him hip surgery after the Court of Appeals reversed this Court's grant of summary

23    judgment and remanded for trial on May 25, 2012, that he is a prevailing party for the purposes

24    of § 1988(b).  Defendants respond that surgery has been within Plaintiff's power since May 29,

25    2012, when he voluntarily refused the surgery NDOC offered him, which he again refused in

1 February 2013.  Defendants argue that Plaintiff is not a prevailing party because he received no

2 judicial relief and that he should therefore receive no fees or costs at all.  Defendants do not take

3 separate issue with any particular items claimed as fees or costs.

4        The Court agrees with Plaintiff in part.  Clearly, Plaintiff did not prevail on any claims at

5 trial.  However, Plaintiff can be considered a prevailing party to the extent he succeeded on

6 appeal of the Court's grant of summary judgment.  That is, the Court of Appeals' May 25, 2012

7 opinion reversed this Court's previous grant of summary judgment and remanded for trial on the

8 issue of deliberate indifference, and Defendants immediately thereafter approved Plaintiff's

9 surgery, although they continued to defend the action as to damages.  Plaintiff therefore achieved

10 at least the injunctive relief he sought via the present lawsuit.  That success is enough to invoke

11 the Fee Awards Act, which is to be interpreted liberally to encourage compliance with the civil

12 rights laws. *See Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir. 1980).  As the Court of Appeals

13 has noted:

14        A "prevailing party" for § 1988 purposes does not necessarily have to obtain
         formal relief. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S. Ct. 2570, 2575, 65 L. Ed.2d

15        653 (1980).  A party can achieve "prevailing party" status by establishing a "clear,
         *causal relationship* between the litigation brought and the practical outcome

16        realized." *Rutherford v. Pitchess*, 713 F.2d 1416, 1419 (9th Cir. 1983).

17 *Ward v. San Diego Cnty*, 791 F.2d 1329, 1334 (9th Cir. 1986).  However, Plaintiff in this case

18 refused to accept the partial relief he was offered.  The Court will therefore award reasonable fees

19 and costs accruing until the date Plaintiff refused the surgery, May 29, 2012.  Any fees incurred

20 after that date were incurred purely for the purpose of seeking damages, which Plaintiff did not

21 obtain via verdict, settlement, or otherwise.

22        The lodestar is the "objective basis on which to make an initial estimate of the value of a

23 lawyer's services," and it is calculated by multiplying "the number of hours reasonably expended

24 on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433

25 (1983).  "The district court . . . should exclude from this initial fee calculation hours that were

1    not reasonably expended." *Id.* at 434 (internal quotations marks omitted). "The product of

2    reasonable hours times a reasonable rate does not end the inquiry. There remain other

3    considerations that may lead the district court to adjust the fee upward or downward, including

4    the important factor of the 'results obtained.'" *Id.*

5         Attorney Picker claims 430.5 hours at $250–$275 per hour, for a total of $114.712.50,

6    and Attorney Potter claims 216 hours at $350 per hour, for a total of $75,600. First, the Court

7    finds the hourly rates acceptable. The vast majority of Attorney Picker's labor—all labor since

8    September 2008—was incurred at $275 per hour, so the Court will apply that figure.

9         Second, the hours claimed are not all reasonably expended. The Court awards nothing

10   for hours claimed after May 29, 2012, because the attorney labor on the case after that point

11   relates only to unsuccessful claims, i.e., the damages claims. This reduces Attorney Picker's

12   claimed hours to about 290. The Court finds that 290 hours for Attorney Picker is reasonable for

13   the amount of time necessary to prosecute this case through May 29, 2012. The lodestar for

14   Attorney Picker is therefore 290 times $275, which is $79,750. Attorney Potter attests that he

15   began work on the case on May 22, 2013. The Court therefore denies the motion as to Attorney

16   Potter's fees, because the work he provided on the case relates only to unsuccessful claims, i.e.,

17   the damages claims. When Attorney Potter began work on the case, the claim for injunctive

18   relief was moot, as Plaintiff had already been offered (and had refused) the requested surgery.

19        Third, the Court divides the lodestar by a factor of two because the level of success was

20   limited on the claim as to which Plaintiff was successful. Plaintiff received no monetary

21   damages, indicating that the jury did not believe there had been any violation at all, and the

22   equitable relief voluntarily offered to Plaintiff after remand was in fact refused by Plaintiff such

23   that the lawsuit, and the expenses incurred by all sides, was rendered pointless by Plaintiff's

24   refusal to accept the relief he had been offered.

25        As to costs, Attorney Picker requests $5310.92, and Attorney Potter requests $3292.72.

The Court denies costs incurred by Attorney Potter for the reasons given, *supra*, and awards those costs incurred by Attorney Picker before May 29, 2012, which total $4812.38.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 180) is GRANTED IN PART.  Fees are awarded to Attorney Picker in the amount of $39,875, and costs are awarded to Attorney Picker in the amount of $4812.38.

IT IS SO ORDERED.

Dated this 12th of February, 2014.

_____
ROBERT C. JONES
United States District Judge