UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN OLIVER SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:08-cv-00046-RCJ-VPC |
| vs. | ) | |
| | ) | |
| E.K. MCDANIEL et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a prisoner civil rights action arising out of alleged deficient medical treatment. Plaintiff is incarcerated on death row with the Nevada Department of Corrections ("NDOC") pursuant to his conviction for murder for hire. He sued Defendants, alleging that their failure to approve and provide hip replacement surgery constituted cruel and unusual punishment. The Court granted summary judgment to Defendants. The Court of Appeals reversed as to injunctive relief against Defendants in their official capacities and as to damages against Defendants in their individual capacities (except for one Defendant) and remanded for trial but otherwise affirmed. A jury returned a verdict for Defendants.

Plaintiff moved under 42 U.S.C. § 1988(b) for attorney's fees of $190,312.50 and costs of $8603.64. Plaintiff won no verdict or settlement but argued that because NDOC offered him hip surgery after the Court of Appeals reversed this Court's grant of summary judgment and remanded for trial on May 25, 2012, that he was a prevailing party for the purposes of § 1988(b). The Court granted the motion in part, based on a line of Court of Appeals cases supporting fees under such a theory. *See, e.g.*, *Ward v. San Diego Cnty.*, 791 F.2d 1329, 1334 (9th Cir. 1986) ("A

'prevailing party' for § 1988 purposes does not necessarily have to obtain formal relief. A party can achieve 'prevailing party' status by establishing a 'clear, *causal relationship* between the litigation brought and the practical outcome realized.'" (citations omitted)).

Defendants have asked the Court to reconsider based on *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001). In that case, the Supreme Court was clear that formal judicial relief is necessary for an award of attorney's fees under § 1988(b):

> We think, however, the "catalyst theory" falls on the other side of the line from these examples. It allows an award where there is no judicially sanctioned change in the legal relationship of the parties. Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the "complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted." This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary. Indeed, we held in *Hewitt* that an interlocutory ruling that reverses a dismissal for failure to state a claim "is not the stuff of which legal victories are made." A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Id.* at 605 (citations omitted). The application of this precedent to the present case indeed forecloses an award of attorney's fees. The Court, therefore, having clearly erred in overlooking this authority, grants the motion to reconsider. Plaintiff argues only that the Court's previous ruling is the law of the case. But the Court is not bound by its own rulings in a given case, only the rulings of higher courts. The Court is free to reverse itself, and where it recognizes a clear error, it should do so.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Order and Judgment (ECF Nos. 199, 200) are VACATED, the Motion to Reconsider (ECF No. 204) is GRANTED, and the Motion for Attorney's Fees and Costs (ECF No. 180) is DENIED.

IT IS SO ORDERED.

Dated: This 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge